# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ARRON FREDERICK LEMON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 16-2025 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 7, 8, 9, 11, 12, 13, |
| | : | | 14, 15, 18, 20 |
| MARY MORTON KRAMER, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## <u>MEMORANDUM OPINION</u>

**GRANTING STATE OF MARYLAND DEFENDANTS' MOTIONS TO DISMISS;
GRANTING DEFENDANT WALLACE'S MOTION TO DISMISS; GRANTING DEFENDANT WYLIE'S
MOTION TO DISMISS; GRANTING DEFENDANT MOSLEY'S MOTION TO DISMISS;
DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT; DENYING PLAINTIFF'S MOTIONS
FOR VARIOUS RELIEF; DENYING PLAINTIFF'S MOTIONS TO SEAL; DENYING AS MOOT
PLAINTIFF'S MOTION FOR MEDIATION**

## I. INTRODUCTION

Plaintiff Arron Frederick Lemon,[1] representing himself, alleges that various Defendants

caused him harm in connection with a custody dispute in Maryland state court. *See generally*

Verified Compl. ("Compl."), ECF No. 1. In total, Mr. Lemon names nine Defendants, all

allegedly associated with the custody dispute involving Mr. Lemon's minor child. Specifically,

Mr. Lemon brings suit against the following Maryland public officials: Judge Mary Morton

Kramer, Judge Timothy John McCrone, Judge Lenore Rosalie Gelfman, Maryland Governor

Lawrence J. Hogan Jr., Maryland Attorney General Brian E. Frosh, and Maryland Secretary of

Human Resources Sam Malhorta (collectively "State Defendants"). Mr. Lemon's Complaint also

---

[1] The Court notes that Mr. Lemon spells his first name "Arron," while Defendants and
Maryland state court documents refer to Plaintiff as "Aaron" Lemon. The Court uses the spelling
found in Mr. Lemon's Complaint.

names three other Defendants: his ex-wife, Theresa Jayoung Mosley; Ms. Mosley's attorney, Beverly Amy Wallace; and Mr. Lemon's former attorney, Bonnie Wylie.

In a series of separate motions, all Defendants have now moved to dismiss the Complaint in its entirety on a variety of grounds. For the reasons explained below, the Court will grant the motions and dismiss the Complaint. The Court finds that it lacks personal jurisdiction over Defendants and that the District of Columbia is not the proper venue for Mr. Lemon's claims. Instead of transferring the case to the District of Maryland, however, the Court finds that it is in the interest of justice to dismiss because of substantive problems with Mr. Lemon's Complaint. Specifically, the Court finds that Mr. Lemon has failed to state a claim upon which relief can be granted.[2] Finally, the Court finds that each of Mr. Lemon's motions should be denied for the reasons stated below.

## II. FACTUAL & PROCEDURAL BACKGROUND

The Court will begin with a description of the factual background found in Mr. Lemon's Complaint before turning to the motions pending before the Court.

### A. Factual and Procedural Background[3]

Mr. Lemon's allegations arise from a divorce proceeding and custody dispute between Mr. Lemon and his ex-wife, Ms. Mosley, in Maryland state court. *See* Compl. ¶¶ 21, 30–32, 39–

---

[2] The Court does not address Defendants' arguments related to service of process, Eleventh Amendment sovereign immunity, judicial immunity, and the Rooker–Feldman doctrine, though these may also support the Court's decision to dismiss this matter.

[3] When considering a motion to dismiss for failure to state a claim or for lack of subject matter jurisdiction, a court "accepts the allegations of the complaint as true." *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015). The Court may also consider "documents attached as exhibits or incorporated by reference in the complaint." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks omitted) (quoting *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002)).

41; *see also* Compl., Attach. at 1–22, ECF No. 1-1 (docket of state court proceeding).[4] Mr.

Lemon filed for divorce from Ms. Mosley on May 5, 2009, in the Circuit Court for Howard

County, Maryland. *See* Compl., Attach. at 6. During the state court proceeding, Ms. Wallace

entered an appearance on behalf of Ms. Mosley on July 10, 2009. *See* Compl., Attach. at 2; *see*

*also* Compl. ¶ 62 (alleging that Ms. Mosley hired Ms. Wallace). A judgment of divorce was

entered on April 28, 2010. *See* Compl., Attach. at 9.

On August 3, 2010, Mr. Lemon filed a *pro se* petition to modify the terms of custody and

visitation. *See* Compl., Attach. at 10. A custody hearing was held on January 25, 2011. *See*

Compl., Attach. at 3. Ms. Wiley states that she entered an appearance with the court and

represented Mr. Lemon at that hearing. *See* Def. Wylie Mem. Supp. Mot. Dismiss Verified

Compl. ("Wylie Mem.") at 2, ECF No. 9-1. The docket indicates that Ms. Wiley's appearance

was formally entered on February 2, 2011. *See* Compl., Attach. at 1, 12. The day of the custody

hearing, Judge Kramer—who was a Master at the time—issued factual findings and

recommended that custody of the minor child be granted to Ms. Mosley. *See generally* Wiley

Mot. Dismiss, Ex. 1, ECF No. 9-1; *see also* Compl. ¶ 39−40; Compl., Attach. at 12. On February

17, 2011, Judge McCrone issued an order for modification of custody, incorporating then-Master

Kramer's report and granting custody of the child to Ms. Mosley. *See generally* Wiley Mot.

Dismiss, Ex. 2; *see also* Compl. ¶ 41; Compl., Attach. at 12.[5]

---

[4] Mr. Lemon has identified some of the documents attached to his Complaint with handwritten exhibit numbers. For clarity, the Court's citations to documents attached to the Complaint will refer to the page numbers automatically created by the Court's Electronic Case Filing system.

[5] Because Mr. Lemon specifically refers to Judge Kramer's Report and Recommendation and Judge McCrone's Order in his Complaint, *see, e.g.*, Compl. ¶¶ 39−41, the Court may consider those documents when resolving the motions to dismiss without converting them into motions for summary judgment, *see Banneker Ventures, LLC*, 798 F.3d at 1133 (citing 5A

On March 19, 2012, Mr. Lemon was found in contempt for failure to pay child support and was ordered to report to the Howard County Detention Center on April 23, 2012. *See* Compl., Attach. at 15. Mr. Lemon paid the purge amount before April 23, 2012, and the commitment order was withdrawn. *See* Compl., Attach. at 15. Mr. Lemon then proceeded to file a range of motions with the court. *See* Compl., Attach. at 15−19. On August 19, 2013, the court issued an order enjoining Mr. Lemon from further filing, unless he requested leave. *See* Compl., Attach. at 19. In 2015, Mr. Lemon sought leave to file a motion voiding Judge Kramer's custody order and challenging the Court's jurisdiction to issue that order. *See* Wallace Mot. Dismiss, Ex. 3. In an order dated December 7, 2015, and entered on December 22, 2015, Judge Gelfman denied Mr. Lemon's request for leave. *See* Wallace Mot. Dismiss, Ex. 3. Thereafter, The Maryland Court of Appeals denied Mr. Lemon's petition for a writ of certiorari on March 28, 2016. *See* Compl., Attach. at 44. The Maryland Court of Special Appeals also denied as moot Mr. Lemon's appeal on September 26, 2016. *See* Compl., Attach. at 42–43.[6]

### B. Mr. Lemon's Claims

From the outset, the Court notes that a *pro se* complaint will be construed liberally and is held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Mr. Lemon's Complaint is occasionally difficult to follow. Nevertheless, it is clear that the Maryland court's decision to award primary custody of Mr. Lemon and Ms. Mosley's child to its mother is at the root of Mr. Lemon's claims.

---

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327 (4th ed. 2014)).

[6] The most up-to-date docket provided by any party does not indicate that the state proceeding has been closed. *See* State Defs.' Mot. Dismiss, Ex. 2 at 25, ECF No. 7-3.

Mr. Lemon's lengthy Complaint includes two Counts. In brief, Count I alleges that State Defendants conspired to harm Mr. Lemon and deprive him of his constitutional rights. *See* Compl. ¶¶ 8−17. More specifically, Mr. Lemon alleges that State Defendants conspired to interfere with his civil rights in violation of 42 U.S.C. § 1985(3). This claim is related to the legal proceedings that Mr. Lemon alleges improperly denied him of custody of his child. *See* Compl. ¶¶ 25−29, 31−32. Mr. Lemon contends that State Defendants willfully neglected and ignored the law in connection with that proceeding. *See* Compl. ¶¶ 25−30, 47.

Count II alleges that Ms. Mosley, Ms. Wallace, and Ms. Wylie abused legal process to harm Mr. Lemon. *See* Compl. ¶ 61. Mr. Lemon alleges that Ms. Mosley "employed [Ms.] Wallace to use a legal process to persuade [Judge] Kramer to violate the [U]nited States Constitution, Federal and State Laws by depriving [Mr. Lemon] of parental rights." *See* Compl. ¶ 62. Among other harms, Mr. Lemon alleges that Defendants' "extreme and outrageous conduct" has caused him emotional distress and a loss of consortium. *See* Compl. ¶ 70.

Finally, Mr. Lemon's Complaint makes repeated reference to fraud. Specifically, the Complaint alleges that "[p]rocedurally speaking, it is fraud . . . for [Maryland law, the Federal Rules of Civil Procedure, and the Constitution] to be ignored by [Defendants]" and "for a [p]arent to go from being the primary caregiver . . . to being forced to only see their [c]hild four [] days per month and having no say in the [c]hild's life." Compl. ¶ 47−48; *see also* Compl. ¶ 50 ("Fraud is upon the Circuit Court for Howard County.").

### C. Defendants' Motions to Dismiss

In a series of separate motions, all Defendants move to dismiss. First, State Defendants, who include Judge Kramer, Judge McCrone, Judge Gelfman, Governor Hogan, Attorney General Frosh, and Secretary Malhotra, move to dismiss. *See generally* State Md. Defs.' Mot. Dismiss

Compl. Or Summ. J. ("State Defs.' Mot. Dismiss"), ECF No. 7. State Defendants argue that Mr.

Lemon's Complaint should be dismissed because this Court lacks personal jurisdiction over State

Defendants, because the *Rooker–Feldman* doctrine deprives this Court of subject matter

jurisdiction, because the Eleventh Amendment bars Mr. Lemon's claims, because judicial

immunity bars claims against the judicial defendants, and because the Complaint fails to state a

claim upon which relief can be granted. *See generally* Mem. Supp. State Md. Defs.' Mot.

Dismiss Compl. Or Summ. J. ("State Defs.' Mem."), ECF No. 7-1.

Ms. Wallace, an attorney, filed a *pro se* motion to dismiss. *See generally* Def. Wallace

Mot. Dismiss Verified Compl. ("Wallace Mot. Dismiss"), ECF No. 8. Ms. Wallace argues that

Mr. Lemon's Complaint should be dismissed because this Court lacks personal jurisdiction over

Ms. Wallace, because the *Rooker–Feldman* doctrine deprives this Court of subject matter

jurisdiction, because the District of Columbia is not the proper venue, because Ms. Wallace has

not been properly served, and because the Complaint fails to state a claim for relief. *See*

*generally* Def. Wallace Mem. Supp. Mot. Dismiss Verified Compl. ("Wallace Mem."), ECF No.

8-1.

Ms. Wylie, an attorney, filed a *pro se* motion to dismiss. *See generally* Def. Wylie Mot.

Dismiss Verified Compl. ("Wallace Mot. Dismiss"), ECF No. 9. Ms. Wylie argues that Mr.

Lemon's Complaint should be dismissed because this Court lacks personal jurisdiction over Ms.

Wylie, because the *Rooker–Feldman* doctrine deprives this Court of subject matter jurisdiction,

because the District of Columbia is not the proper venue, and because Ms. Wylie has not been

properly served. *See generally* Wylie Mem. Mr. Lemon concedes that dismissal of Ms. Wylie is appropriate.[7]

Ms. Mosley, who is not an attorney, filed a *pro se* motion to dismiss. *See generally* Def. Mosley Mot. Dismiss Verified Compl. ("Mosley Mot. Dismiss"), ECF No. 14. Ms. Mosley's motion is not supported by any memorandum or brief. *Id.* Instead, Ms. Mosley states that she "incorporates . . . any and all arguments made on behalf of her co-defendants."[8] *Id.* ¶ 5. Specifically, Ms. Mosley briefly states that Mr. Lemon's Complaint should be dismissed because this Court lacks personal jurisdiction over Ms. Mosley, because the *Rooker–Feldman* doctrine deprives this Court of subject matter jurisdiction, because the District of Columbia is not the proper venue, and because Ms. Mosley has not been properly served. *Id.* ¶ 1–4.

### D. Mr. Lemon's Pending Motions

Mr. Lemon has filed several motions that are currently pending before the Court. First, Mr. Lemon has filed two motions requesting to file "Settlement Statement[s]" under seal. *See generally* Pl.'s Mot. Seal (Oct. 31, 2017), ECF No. 15; Pl.'s Mot. Seal (Sept. 5, 2017), ECF No. 20. Second, Mr. Lemon filed an omnibus motion seeking a range of relief. *See generally* Pl.'s Mot. Entry Default; Mot. Summ. J.; Mot. Decl. J.; Mot. Three-Judge Court; & Mot. Prospective

---

[7] After Ms. Wiley filed a motion to dismiss, *see* Wiley Mot. Dismiss, Mr. Lemon agreed to voluntarily dismiss Ms. Wiley from the case. *See* Pl.'s Resp. Bonnie Wylie Mot. ¶¶ 9−10, ECF No. 17. Mr. Lemon states that "Ms. Wiley has alleged a defense that entitles her to be dismissed from the Complaint." *Id.* ¶ 9. Mr. Lemon therefore concludes that "Bonnie Wylie is hereby voluntarily dismiss[ed] from this action." *Id.* ¶ 10. In light of Mr. Lemon's response, the Court will dismiss all claims against Ms. Wylie and will not address the merits of Ms. Wylie's Motion to Dismiss.

[8] The Court notes that the Local Civil Rules require that "[e]ach motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion." LCvR 7. Nevertheless, the Court would dismiss Mr. Lemon's claims *sua sponte* for failure to state a claim, so Ms. Mosley's failure to file a more detailed memorandum is irrelevant. *See infra* Part III.E.

Injunctive Relief ("Pl.'s Omnibus Mot."), ECF No. 11. That motion seeks an entry of default against Ms. Mosely for failing to respond to the Complaint, as well as orders from this Court granting summary judgment in favor of Mr. Lemon, granting a declaratory judgment in favor of Mr. Lemon, granting an injunction, and placing this matter before a three-judge Court. *Id.* ¶¶ 3, 8, 11−13. Third, Mr. Lemon's responses to both State Defendants' and Ms. Wallace's motions to dismiss are also styled as motions. *See generally* Pl.'s Resp. State Defs.' Mot., ECF No. 12 (including a motion to strike, motion for service of summons, motion to admit supplemental affidavit and exhibits, motion for default, motion for summary judgment, motion for declaratory judgment, motion for appointment three-judge court, and motion for an injunction); Pl.'s Resp. Wallace Mot., ECF No. 13 (including a range of similar motions). Finally, Mr. Lemon filed a motion seeking to compel mediation. *See generally* Pl.'s Mot. Mediation, ECF No. 18. None of the Defendants have responded to these motions.[9]

## III. DISCUSSION

For the reasons explained below, the Court will grant Defendants' motions to dismiss on a number of grounds. First, the Court does not have personal jurisdiction over Defendants and the District of Columbia is not the proper venue for Mr. Lemon's claims. Instead of attempting to remedy those issues by transferring the case to the District of Maryland, the Court finds that it is in the interest of justice to dismiss the Complaint because the Court finds that, in any event, Mr. Lemon has failed to state a claim. Finally, the Court denies Mr. Lemon's pending motions.

---

[9] On April 24, 2017, Mr. Lemon also filed an additional "Closing Argument" that further addresses the merits of his claims. *See generally* Pl.'s Closing Argument, ECF No. 19.

## A. Personal Jurisdiction

Each of the Defendants moves to dismiss Mr. Lemon's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. *See* State Defs.' Mem. at 5–8; Wallace Mem. at 6; Mosley Mot. Dismiss ¶ 2. The Court finds that Mr. Lemon has not met his burden of establishing the Court's jurisdiction over any Defendant. Accordingly, this Court lacks personal jurisdiction over all Defendants.

### 1. Applicable Legal Standard

The plaintiff bears the burden of establishing that a court has personal jurisdiction over the defendants. *See FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1091 (D.C. Cir. 2008). Although factual discrepancies in the record must be resolved in favor of the plaintiff, a court need not accept the plaintiff's "conclusory statements" or "bare allegations" regarding the defendant's actions in a selected forum. *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000).

There are two types of personal jurisdiction: "general or all-purpose jurisdiction, and specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction applies regardless of the nature of the claim, but it is only available based on "a limited set of affiliations with a forum." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." *Id.* at 760 (quoting *Goodyear*, 564 U.S. at 924). Under D.C. law, there is general jurisdiction over a defendant who is "domiciled in, organized

under the laws of, or maintaining his or its principal place of business in" the District. D.C. Code § 13-422.[10]

"To establish personal jurisdiction over a non-resident, a court must engage in a two-part inquiry: A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Servs. Inc.*, 199 F.3d at 1347. The District of Columbia long-arm statute provides that a District of Columbia court has personal jurisdiction over any person as to a claim for relief arising from the person's:

> (1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia; (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia . . . (7) martial or parent and child relationship in the District of Columbia [if other conditions are met] . . . .

D.C. Code § 13-423(a). Subsection (b) qualifies the reach of the statute by noting that "[w]hen jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him." *Id.* § 13-423(b).

Next, Due Process requires a plaintiff to demonstrate "'minimum contacts' between the defendant and the forum state such that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *GTE New Media Servs. Inc.*, 199 F.3d at 1347 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). These minimum contacts must be grounded in "some act by which the defendant purposefully avails [himself] of the privilege

---

[10] Mr. Lemon has not alleged any facts that would establish general personal jurisdiction over any of the Defendants. Instead, Mr. Lemon alleges that each of the Defendants is a resident of Maryland. *See* Compl. at 1–2 (noting the Maryland addresses of the named defendants).

of conducting activities with the forum state, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. v. Super. Ct. of Cal.*, 480 U.S. 102, 109 (1987). In short, "the defendant's conduct and connection with the forum state [must be] such that he should reasonably anticipate being haled into court there." *GTE New Media Servs. Inc.*, 199 F.3d at 1347 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

## 2. Analysis

The Court first considers State Defendants' motion to dismiss for lack of personal jurisdiction. *See* State Defs.' Mem. at 5–8. Mr. Lemon's Complaint alleges that each of the State Defendants is a resident of Maryland. *See* Compl. 1–2. State Defendants also identify requirements in state law that require State Defendants to reside in the state. *See* State Defs.' Mem. at 6. For instance, the Maryland Constitution requires all judges to "be citizens of the State of Maryland" and to reside in the jurisdiction where they are "elected or appointed." Md. Const. art. IV, § 2. The Maryland Constitution also requires the Governor to "have been a resident and registered voter of the State for five years . . . immediately preceding his election," Md. Const. art. II, § 5, and, similarly, the Attorney General must be "a citizen of the state" who has "resided and practiced Law in [the] State for at least ten years," Md. Const. art. V, § 4. Although State Defendants have not identified any similar provision with regard to the Secretary of Human Resources, Secretary Malhotra has submitted an affidavit stating that, during his "tenure as Secretary of DHR, [his] primary residence has been in the State of Maryland," and during that time he has "not transact[ed] personal or professional business in the District of Columbia." Affidavit of Sam Malhotra ¶¶ 4–5, ECF No. 7-2.

Mr. Lemon's Complaint does not allege otherwise. In fact, the Complaint makes no allegations connecting State Defendants to the District of Columbia, either generally or in

specific connection to his claims. To the contrary, the alleged acts giving rise to Mr. Lemon's Complaint all took place in Maryland or involved the exercise of authority under Maryland law. *See, e.g.*, Compl. ¶¶ 25–28, 30–32, 39–41, 60. Even making all reasonable inferences in Mr. Lemon's favor, the Court finds that Mr. Lemon has failed to allege—much less meet his burden to show—that the District of Columbia's long-arm statute applies to State Defendants or that this Court's exercise of personal jurisdiction would satisfy the principles of constitutional Due Process. *See GTE New Media Servs. Inc.*, 199 F.3d at 1347.

Second, the Court considers Ms. Wallace's motion to dismiss for lack of personal jurisdiction. *See* Wallace Mem. at 6. In her *pro se* filing, Ms. Wallace states that she "has resided in the same home in Baltimore County, Maryland since 1989, has her business organized under the law of the State of Maryland and has maintained her sole place of business in Baltimore County, Maryland since finishing law school in 1993." Wallace Mem. at 6. Ms. Wallace also states that she is a member of the Maryland State Bar, but "has never been a member of the District of Columbia bar and does not practice in the District of Columbia," with one brief exception in 2000. *See* Wallace Mem. at 6 & n.1. Again, Mr. Lemon makes no allegations to the contrary. Mr. Lemon alleges that Ms. Wallace is a resident of Maryland, *see* Compl. at 2, and all of his factual allegations related to Ms. Wallace took place in Maryland, *see, e.g.*, Compl. ¶¶ 62, 65–69. Even making all reasonable inferences in Mr. Lemon's favor, the Court finds that Mr. Lemon has failed to allege—much less meet his burden to show—that the District of Columbia's long-arm statute applies to Ms. Wallace or that this Court's exercise of personal jurisdiction would satisfy the principles of constitutional Due Process. *See GTE New Media Servs. Inc.*, 199 F.3d at 1347.

Third, the Court considers Ms. Mosley's motion to dismiss for lack of personal jurisdiction. *See* Mosley Mot. Dismiss ¶ 2. Ms. Mosley has simply asserted this issue, without providing any arguments or affidavits in support. *See* Mosley Mot. Dismiss ¶ 2. Nevertheless, it is Mr. Lemon who bears the burden of establishing the Court's personal jurisdiction over Ms. Mosley. *See FC Inv. Grp. LC*, 529 F.3d at 1091. In fact, Mr. Lemon alleges that Ms. Mosley is a resident of Maryland. *See* Compl. at 2. Mr. Lemon has made no other allegations about Ms. Mosley's connections to the District of Columbia, whether in general, or in connection to his claims here. *See generally* Compl. And again, all of Mr. Lemon's factual allegations related to Ms. Mosley took place in Maryland, not the District of Columbia. *See, e.g.*, Compl. ¶¶ 62–64. Even making all reasonable inferences in Mr. Lemon's favor, the Court finds that Mr. Lemon has failed to allege—much less meet his burden to show—that the District of Columbia's long-arm statute applies to Ms. Mosley or that this Court's exercise of personal jurisdiction would satisfy the principles of constitutional Due Process. *See GTE New Media Servs. Inc.*, 199 F.3d at 1347.

Finally, Mr. Lemon argues that Defendants consented to this Court's exercise of personal jurisdiction. Specifically, Mr. Lemon contends that Defendants "have implied consent by failing to appear before this Honorable Court specially, as they have appeared generally in submission to personal jurisdiction of this Court." *See* Pl.'s Resp. State Defs.' Mot. ¶ 2, ECF No. 12; Pl.'s Resp. Wallace Mot. ¶ 2, ECF No. 13. But this Court has long recognized that special appearances are no longer required in order to oppose personal jurisdiction. *See Frye v. Batavia (N.Y.) Veterans Admin. Emp. Fed. Credit Union No. 189*, 8 F.R.D. 334, 336 (D.D.C. 1943). This outcome is dictated by Federal Rule of Civil Procedure 12(b), which states that "[n]o defense or objection," including lack of personal jurisdiction, "is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." Fed. R. Civ. P. 12(b). For

these reasons, Defendants have not waived their right to challenge this Court's personal jurisdiction by appearing before the Court to file a motion to dismiss. Thus, the Court concludes that it lacks personal jurisdiction over each of the remaining Defendants.[11]

## B. Venue

Ms. Wallace and Ms. Mosley also argue that there is no basis for venue in the District of Columbia and that Mr. Lemon's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3). *See* Wallace Mem. at 7; Mosley Mot. Dismiss ¶ 3. Even accepting Mr. Lemon's allegations as true and drawing all reasonable inferences in his favor, the Court finds that there is no basis for venue in the District of Columbia.

### 1. Applicable Legal Standard

Under Federal Rule of Civil Procedure 12(b)(3), a party may file a motion to dismiss for improper venue. Fed. R. Civ. P. 12(b)(3). "To prevail on a motion to dismiss for improper venue, . . . the defendant must present facts that will defeat the plaintiff's assertion of venue." *Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 129 (D.D.C. 2013) (internal citation omitted). The plaintiff bears the burden of proving that venue is proper, *see Myers v. Holiday Inns, Inc.*, 915 F. Supp. 2d 136, 144 (D.D.C. 2013), because "it is the plaintiff's obligation to institute the action in a permissible forum . . . ." *McCain v. Bank of America*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014) (quoting *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011)).

In determining whether a venue is proper, "a court should accept the plaintiff's well-pled factual allegations as true, resolve any factual conflicts in the plaintiff's favor, and draw all

---

[11] Ms. Wallace and Ms. Mosley both argue that this Court lacks personal jurisdiction over them because Mr. Lemon failed to properly serve the summons and Complaint. *See* Wallace Mem. at 8–9; Mosley Mot. Dismiss ¶ 4. Because the Court determines that it lacks personal jurisdiction over Ms. Wallace and Ms. Mosley, even if they were properly served, there is no need to address this issue.

reasonable inferences in favor of the plaintiff." *Myers*, 915 F. Supp. 2d at 144 (citing *Hunter v. Johanns*, 517 F. Supp. 2d 340, 343 (D.D.C. 2007)). The court need not, however, accept a plaintiff's legal conclusions as true. *See 2215 Fifth St. Assocs. v. U-Haul Int'l, Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001).

2. Analysis

The applicable general venue statute, 28 U.S.C. § 1391(b)(1), provides three bases for venue. First, venue is proper in a "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Here, it is uncontested that none of the Defendants are residents of the District of Columbia. Instead, Mr. Lemon alleges that all the Defendants are residents of Maryland. *See* Compl. at 1–2.

Second, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). According to the Complaint, none of the alleged actions committed by the Defendants occurred in the District of Columbia. *See generally* Compl. To the contrary, Mr. Lemon alleges that acts giving rise to his claims took place in Maryland. *See* Compl. ¶¶ 25, 28, 30, 32.

Finally, if no other district is appropriate, venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). Here, there is another district that would clearly be appropriate to hear this matter—the District of Maryland. All Defendants and Mr. Lemon allegedly reside in Maryland and the alleged acts forming the basis of Mr. Lemon's Complaint also occurred in Maryland. *See generally* Compl. In short, the Complaint alleges no connection to the District of Columbia. None of the statutory bases for venue apply and venue is improper in this District.

### C. Transfer to the District of Maryland

Having determined that the Court lacks personal jurisdiction over Defendants and that this District is not the proper venue for this action, the Court must determine whether to dismiss Mr. Lemon's Complaint or transfer the case. In his Complaint, Mr. Lemon requests that the case be transferred to the District of Maryland if this Court finds that venue is improper. *See* Compl. ¶ 3. But, for the reasons set forth below, the Court finds that transfer is not in the interest of justice.

Under 28 U.S.C. § 1406(a), a district court shall dismiss an action filed in an improper venue or, if it is "in the interest of justice, transfer such case to any district . . . in which it could have been brought." The D.C. Circuit has explained that "[t]he decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Transfer is generally appropriate when procedural obstacles, such as lack of personal jurisdiction or improper venue, "impede an expeditious and orderly adjudication . . . on the merits." *Sinclair v. Kleindienst*, 711 F.2d 291, 293–94 (D.C. Cir. 1983) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)). While "[a]s a general matter, a transfer of the case is favored over a dismissal," *Murdoch v. Rosenberg & Assocs., LLC*, 875 F. Supp. 2d 6, 11 (D.D.C. 2012) (quoting *Jones v. United States*, 820 F. Supp. 2d 58, 61 (D.D.C. 2011)), dismissal is appropriate where the plaintiff's claims have "obvious substantive problems," *Laukus v. United States*, 691 F. Supp. 2d 119, 127 (D.D.C. 2010); *see also Buchanan v. Manley*, 145 F.3d 386, 389 n.6 (D.C. Cir. 1998) (finding no abuse of discretion where district court dismissed claims rather than transferring in light of "substantive problems" with the claims); *Roman-Salgado v. Holder*, 730 F. Supp. 2d 126, 131 (D.D.C. 2010) (dismissing rather than transferring case for improper venue where "it

appears that the complaint in its current form would likely face dismissal without prejudice for failure to state a claim").

The Court finds that it is not in the interest of justice to transfer this case because there are "substantive problems" with the Complaint, which, in its current form, would face dismissal. *See Buchanan*, 145 F.3d at 389 n.6; *Laukus*, 691 F. Supp. 2d at 127; *Roman-Salgado*, 730 F. Supp. 2d at 131. Specifically, the Court finds that the Complaint fails to state a claim.[12] *See infra* Parts III.D–E. Therefore, the Court will dismiss the claims against all Defendants because this District is not the proper venue, this Court lacks personal jurisdiction over Defendants, and transfer would not be in the interest of justice.

## D. Failure to State a Claim

Each of the Defendants move to dismiss Mr. Lemon's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The various Defendants, however, make different arguments in support of their positions. State Defendants argue that Mr. Lemon's civil conspiracy claim—Count I—is impermissibly vague and fails to allege all elements of the cause of action. *See* State Defs.' Mem. at 14–15. Ms. Wallace asserts that Mr. Lemon fails to state a claim against her because Maryland law recognizes a privilege for attorneys representing an opposing party during litigation. *See* Wallace Mem. at 9–10. Ms. Mosley does not explicitly refer to Federal Rule 12(b)(6), but she claims to incorporate by reference all arguments made by other Defendants in their motions to dismiss. *See* Mosley Mot. Dismiss ¶ 5.

---

[12] Defendants also raise additional substantive arguments, including that the *Rooker–Feldman* doctrine deprives this Court of subject matter jurisdiction and that the Eleventh Amendment bars Mr. Lemon's claims. Although the Court need not reach those arguments here, those issues could potentially provide another basis for dismissal.

Seeking to construe Mr. Lemon's *pro se* Complaint in the most favorable light, the Court will consider whether his allegations state a claim upon which relief could be granted. But, under Rule 12(b)(6), the Court may also dismiss a claim on its own initiative if the plaintiff "cannot possibly win relief." *See Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994) (quoting *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam)); *see also* 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2016) ("[T]he district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties."). Therefore, although Defendants have not specifically addressed all of Mr. Lemon's claims, as the Court understands them, the Court will dismiss those claims if Mr. Lemon cannot possibly win relief.

### 1. Applicable Legal Standard

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *accord Erickson*, 551 U.S. at 93. A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). A court considering such a motion may "consider attachments to the complaint as well as the allegations contained in the complaint itself," *English v. District of Columbia*, 717 F.3d 968, 971 (D.C. Cir. 2013), and should presume that the complaint's factual allegations are true, construing them liberally in the plaintiff's favor, *see, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).

Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555–56 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss. *Iqbal,* 556 U.S. at 678. A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations, *see Twombly,* 550 U.S. at 555.

A court cannot consider matters outside the pleadings in deciding a motion under Rule 12(b)(6), but it may consider "documents attached as exhibits or incorporated by reference in the complaint." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks omitted) (quoting *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002)). Further, a *pro se* plaintiff's pleadings must be "considered *in toto*" to determine whether they "set out allegations sufficient to survive dismissal." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151 (D.C. Cir. 2015) (reversing the district court because it failed to consider allegations found in a *pro se* plaintiff's opposition to a motion to dismiss). However, even a *pro se* plaintiff, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Mazza v. Verizon Wash. DC, Inc.*, 852 F. Supp. 2d 28, 33 (D.D.C. 2012) (quoting *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 688 (D.C. Cir. 2009)).

2. Analysis

Mr. Lemon's Complaint contains a list of disjointed and ambiguous allegations. The Court, however, seeks to draw out Mr. Lemon's claims and construe his *pro se* Complaint liberally.

*a. Conspiracy*

Mr. Lemon's core claim is that Defendants conspired to deprive Mr. Lemon of his civil rights. *See* Compl. at 3 ("This is a civil rights action demanding declaratory and injunctive relief" against various Defendants "for depriving the Complainant, under color of statute and regulation, of rights, privilege and immunities secured by the Constitution and Laws of the United States."). Specifically, Mr. Lemon brings a conspiracy claim pursuant to 42 U.S.C. § 1985(3). *See* Compl. at 3, ¶ 17; Pl.'s Resp. State Defs.' Mot. ¶ 8.

Section 1985(3) provides a cause of action against two or more persons who participate in a conspiracy motivated by class-based discriminatory animus. *See* 42 U.S.C. § 1985(3); *see also Griffin v. Breckenridge*, 403 U.S. 88, 96–102 (1971) (examining the meaning of § 1985(3)). To state a claim under § 1985(3), Mr. Lemon must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, . . . and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in her person or property or deprived of any right or privilege of a citizen of the United States." *Atherton*, 567 F.3d at 688 (alteration in original) (quoting *Martin v. Malhoyt*, 830 F.2d 237, 258 (D.C. Cir. 1987)). In this case, Mr. Lemon fails to state a claim because he has failed to adequately allege any conspiracy.

Despite its considerable length, Mr. Lemon's Complaint offers precious little in the way of factual support for a conspiracy. To state a civil conspiracy, a plaintiff must allege "(1) an

agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme." *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C.Cir.1983) (internal citation omitted). Here, Mr. Lemon alleges that Judge Kramer issued factual findings and recommended that custody of the minor child be granted to Ms. Mosley. *See* Wiley Mot. Dismiss, Ex. 1; *see also* Compl. ¶ 39−40. Judge McCrone incorporated then-Master Kramer's report and granted custody of the child to Ms. Mosley. *See* Wiley Mot. Dismiss, Ex. 2; *see also* Compl. ¶ 41. Thereafter, Judge Gelfman refused to grant Mr. Lemon leave to file a motion challenging Judge Kramer's report and recommendation. *See* Compl ¶ 30; Compl. Attach at 19–20.  According to Mr. Lemon, each of these rulings was, for various reasons, erroneous and ultimately resulted in the contravention of his civil rights.  *See* Compl. ¶¶ 39–56.  In addition, Mr. Lemon alleges that Governor Hogan, Attorney General Frosh, and Secretary Malhotra had "full knowledge of [] Constitutional violations that [were] taking place and [] failed to act to prevent them."  Compl. ¶ 32.  For all of this, Mr. Lemon concludes that the State Defendants necessarily "conspir[ed] with [their] co-defendants to deprive the Complainant of rights secured by the Constitution[s] and Federal Law by not equally protecting the Complainant." Compl. ¶¶ 25, 27, 29, 31, 32, 57 (fifth alteration in original).  But nowhere in his Complaint or his other filings does Mr. Lemon plead *facts* demonstrating that there was any agreement among any of the State Defendants to do anything, let alone a conspiracy to violate Mr. Lemon's constitutional rights.

Mr. Lemon's bare allegation that the State Defendant's must necessarily have "conspire[ed]" is insufficient to withstand a motion to dismiss.  Indeed, courts in this Circuit have repeatedly held that "[t]he mere repetition of a conclusory statement that a conspiracy exists

and that all the alleged events occurred as a result of a conspiracy are insufficient as a matter of law." *Bush v. Butler*, 521 F. Supp. 2d 63, 69 (D.D.C. 2007); *see also Brady v. Livingood*, 360 F.Supp.2d 94 (2004) ("A plaintiff must set forth more than just conclusory allegations of an agreement to sustain a claim of conspiracy against a motion to dismiss."); *Graves v. United States*, 961 F. Supp. 314, 321 (D.D.C. 1997) (dismissing claim where plaintiff merely alleged that his former employer "colluded" with the Department of Education to keep him underemployed, without putting forth "any facts showing the existence or establishment of an agreement"); *Estate of Phillips v. District of Columbia*, 257 F. Supp. 2d 69, 83 (D.D.C. 2003) (dismissing claim where plaintiffs failed to specify that defendants "acted in concert"). Rather, a plaintiff must "set forth facts making the existence of a conspiracy plausible." *Thorp v. District of Columbia*, 142 F. Supp. 3d 132, 144 (D.D.C. 2015) (citing *Kenley v. District of Columbia*, 83 F. Supp. 3d 20, 30 (D.D.C. 2015)). Thus, for example, in *Bush v. Butler*, 521 F.Supp.2d at 69, the court found that the "[p]laintiff's claim that there was an agreement between the defendants [was] deficient" because the "plaintiff provide[d] no description of the persons involved in the agreement, the nature of the agreement, what particular acts were taken to form the conspiracy, or what overt acts were taken in furtherance of the conspiracy." So too here. Because Mr. Lemon's filings are completely devoid of any factual matter demonstrating the existence of any agreement among the State Defendants, his conclusory allegation of a conspiracy will not save his Complaint on a motion to dismiss. Therefore, Mr. Lemon has failed to state § 1985(3) claim upon which relief can be granted.

### b. Abuse of Process

Count II of Mr. Lemon's Complaint begins with a citation to Restatement of Torts and its description of the tort of abuse of process. *See* Compl. ¶ 61. Count II specifically refers to Ms.

Mosley, Ms. Wallace, and Ms. Wylie, and alleges that they used legal process to persuade the relevant judges to violate Mr. Lemon's rights. *See* Compl. ¶¶ 62–71.

Abuse of process occurs in the District of Columbia when there is "a perversion of the judicial process and achievement of some end not anticipated in the regular prosecution of the charge."[13] *Whelan v. Abell*, 953 F.2d 663, 670 (D.C. Cir. 1992) (quoting *Morowitz v. Marvel*, 423 A.2d 196, 198 (D.C. 1980)). "There are two essential elements to an abuse of process claim: '(1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge.'" *Houlahan v. World Wide Ass'n of Specialty Programs & Schs.*, 677 F. Supp. 2d 195, 199 (D.D.C. 2010) (quoting *Hall v. Hollywood Credit Clothing Co.*, 147 A.2d 866, 868 (D.C. 1959)).

Aside from conclusory assertions, Mr. Lemon has failed to allege facts relevant to either element. Although Mr. Lemon repeatedly asserts that the Defendants acted with "evil motive," *see, e.g.*, Compl. ¶¶ 65–66, 69–70, he does not allege any facts to support that conclusion. Even if Mr. Lemon's conclusory assertions could allege an ulterior motive, his claim "cannot survive in view of the fact that in availing themselves of the judicial process [defendants] sought only

---

[13] The parties have not addressed which state's law applies to this claim, and Mr. Lemon's Complaint only refers to the general Restatement provision. *See* Compl. ¶ 61. Under Maryland law—the only other jurisdiction that could be relevant—"a plaintiff must prove an ulterior motive, and 'a willful act in the use of process not proper in the regular conduct of the proceeding'" to establish an abuse of process claim. *See Nero v. Mosby*, No. 16-1288, 2017 WL 386537, at *5 (D. Md. Jan. 27, 2017) (quoting *Palmer Ford, Inc. v. Wood*, 471 A.2d 297, 310–11 (Md. 1984)). "Under District of Columbia choice-of-law principles, the absence of a true conflict compels the application of District of Columbia law by default." *Signature Tech. Sols. v. Incapsulate, LLC*, 58 F. Supp. 3d 72, 80 (D.D.C. 2014) (internal quotation marks and alternations omitted); *see also GEICO v. Fetisoff*, 958 F.2d 1137, 1141 (D.C. Cir. 1992). Here, there is no conflict between Maryland and District of Columbia law, and the Court will thus apply District of Columbia law.

such relief as the system legitimately offered."[14] *Kopff v. World Research Grp., LLC*, 519 F. Supp. 2d 97, 99–100 (D.D.C. 2007); *see also Morowitz*, 423 A.2d at 198 ("The critical concern in abuse of process cases is whether process was used to accomplish an end unintended by law . . . .").

Here, Mr. Lemon has not alleged that Defendants sought a "collateral thing which [Mr. Lemon] could not legally and regularly be compelled to do." *Scott v. District of Columbia*, 101 F.3d 748, 755 (D.C. Cir. 1996) (quoting *Bown v. Hamilton*, 601 A.2d 1074, 1079 (D.C. 1992)). Although the Court understands that Mr. Lemon's experience must have been upsetting and traumatic, Maryland state courts regularly and legally determine custody, order child support, and jail parents for contempt when they fail to pay child support in certain circumstances. Thus, Mr. Lemon fails to state a claim for relief for abuse of process, and the Court dismisses this portion of his Complaint.

### c. Allegations of Fraud

The Complaint contains occasional references to fraud. Construed liberally, the Complaint could be read to claim that the Defendants defrauded Mr. Lemon. Specifically, the Complaint contends that "[f]raud is upon the Circuit Court for Howard County." Compl. ¶ 50. Mr. Lemon also argues that "procedurally speaking, it is fraud . . . for [Maryland law, the Federal Rules of Civil Procedure and the Constitution] to be ignored by [Defendants]" and "it is fraud . . . for a [p]arent to go from being the primary caregiver . . . to being forced to only see their [c]hild four . . . days per month and having no say so in the [c]hild's life." Compl. ¶ 47−48. For the following reasons, Mr. Lemon's potential fraud claims fare no better.

---

[14] The Court also notes that Mr. Lemon initiated the divorce proceeding below. *See* Compl., Attach. at 6.

Federal Rule of Civil Procedure 9(b) creates a heightened pleading standard for allegations of fraud and requires a complaint to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Specifically, a plaintiff must allege the "time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud," as well as the individuals involved. *United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004) (citations omitted).

Mr. Lemon's Complaint fails to meet this heightened standard. In general, the Complaint does not consistently link allegations of specific acts with specific Defendants. To the extent Mr. Lemon intended to allege any fraud claim, his Complaint does not state with any specificity who was involved in the alleged fraud, when the fraud occurred, or what fact was misrepresented. *See id*. Furthermore, the nebulous, off-hand references to fraud do not specify who was set to benefit from the alleged scheme or "what was retained or given up as a consequence of the fraud." *See id* at 1256.

Mr. Lemon's oppositions to the motions to dismiss do not cure this defect. In his oppositions, Mr. Lemon simply states, without more, that "the fact remains fraud has taken place." Pl.'s Resp. State Defs.' Mot. ¶ 8; Pl.'s Resp. Wallace Mot. ¶ 8. In sum, the vague, unsupported allegations of fraud fail to give Defendants sufficient information to answer the Complaint. *See United States ex rel. Williams*, 389 F.3d at 1257. Thus, any claims alleging fraud must be dismissed for failing to meet the heightened pleading standard of Rule 9(b).

*   *   *

After considering all of Mr. Lemon's claims, construed liberally in light of his *pro se* status, the Court finds that the Complaint fails to state a claim upon which relief can be granted.

Therefore, the Court will dismiss the Complaint in its entirety as to all Defendants rather than transfer it to Maryland.[15]

### E.  Mr. Lemon's Pending Motions

Finally, the Court turns to Mr. Lemon's pending motions. First, Mr. Lemon moves to file two "Settlement Statement[s]" under seal, *see generally* Pl.'s Mot. Seal. (Oct. 31, 2016), ECF No. 15; Pl.'s Mot. Seal (Sept. 5, 2017), ECF No. 20. Mr. Lemon however has provided no justification for filing either of these documents under seal and therefore the court denies the motions. *See* LCvR 7. Second, Mr. Lemon seeks an entry of default against Ms. Mosely for failing to respond to the Complaint,[16] as well as various other orders from this Court. *See* Pl.'s Omnibus Mot. ¶¶ 3, 8, 11−13. Mr. Lemon's responses to both State Defendants' and Ms. Wallace's motions also purport to seek similar relief. *See generally* Pl.'s Resp. State Defs.' Mot.; Pl.'s Resp. Wallace Mot. This Court has already determined that it lacks personal jurisdiction over Defendants and thus the Court is unable to grant the relief that Mr. Lemon seeks. *See Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382, (1937) (Personal jurisdiction "is an essential element of the jurisdiction of . . . a federal court" and, in its absence, "the court is powerless to proceed to an adjudication."); *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005) ("[T]he entry of a default judgment is not automatic, and [] a court should satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant."). Consequently, the Court denies Mr. Lemon's motions for default judgment and other relief.  Finally, Mr. Lemon

---

[15] Because the Court concludes that Mr. Lemon's Complaint must be dismissed in its entirety, there is no need to reach Defendants' arguments related to Eleventh Amendment sovereign immunity or the *Rooker–Feldman* doctrine.

[16] Ms. Mosely ultimately filed a motion to dismiss on November 7, 2016, the same day that Mr. Lemon filed his motion for default judgment, although her motion was filed subsequent to his.  *See generally* Mosley Mot. Dismiss.

moves this Court to compel mediation. *See generally* Pl.'s Mot. Mediation. However, because this Court disposes of this matter in its entirety, this motion becomes moot. Accordingly, the Court denies each of Mr. Lemon's pending motions.

## IV.  CONCLUSION

For the foregoing reasons, State of Maryland Defendants' Motion to Dismiss (ECF No. 7) is **GRANTED**; Defendant Beverly Wallace's Motion to Dismiss (ECF No. 8) is **GRANTED**; Defendant Bonnie Wylie's Motion to Dismiss (ECF No. 9) is **GRANTED**; Defendant Theresa Mosley's Motion to Dismiss (ECF No. 14) is **GRANTED**; Plaintiff's Motions to Seal (ECF Nos. 15 and 20) are **DENIED**; Plaintiff's Motion for Entry of Default and For Other Relief (ECF No. 11) is **DENIED**; Plaintiff's motions for various relief contained in his oppositions are **DENIED** (ECF Nos. 12 and 13); and Plaintiff's Motion for Mediation (ECF No. 18) is **DENIED AS MOOT**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: September 11, 2017                                                RUDOLPH CONTRERAS
                                                                                     United States District Judge